UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOSHONTE W. WOODBERRY | CIVIL ACTION |
| VERSUS | NO. 21-2390 |
| UNITED STATES OF AMERICA, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment, filed by the United States of America (the "Government") on its behalf and on behalf of the other named federal defendants.[1] The motion was set for submission on December 29, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance December 21, 2022. Plaintiff Toshonta W. Woodberry, heir and administrator of the Estate of Joseph L. Williams, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 18. These defendants include the Department of Veterans Affairs, the Veterans Administration Medical Center, New Orleans, Louisiana, Dr. Philip Lundy, Dr. Varsha Jasti, and Dr. Kristen M. Bice.

[2] R. Doc. 18-8.

[3] Pursuant to 28 U.S.C. § 2679(b)(1), the Federal Tort Claims Act ("FTCA") is the exclusive remedy for claimants seeking damages from federal employees for injury or loss resulting from their conduct while acting within the scope of their office or employment. Section 2679(d)(1) establishes that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ... the United States shall be substituted as the party defendant." The Government has provided such certification, R. Doc. 18-7, and so the Government is the only proper party defendant. Nevertheless, Woodberry's claims are time-barred because she failed to present her administrative claim to the appropriate federal agency within the two-year period mandated by 28 U.S.C. § 2401 – a necessary predicate to filing suit in the district court under the FTCA. 28 U.S.C. § 2675(a). Pursuant to § 2401, Woodberry was required to present the administrative claim to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Woodberry seeks damages for the wrongful death of the decedent, Joseph L. Williams, who died on December 28, 2018. R. Doc. 1 at 4. Her tort claims, therefore, accrued on December 28, 2018. Based upon the uncontroverted evidence submitted by the Government, it is undisputed on the record before the Court that the Department of Veterans Affairs did not

IT IS ORDERED that the Government's motion (R. Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that Woodberry's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of December, 2022.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE

---

receive Woodberry's administrative claim until November 23, 2021, nearly three years after her tort claims accrued. *See* R. Docs. 18-3 at 4; 18-4 at 1; 18-6 at 3.  Accordingly, Woodberry's claims are "forever barred" under § 2401(b) and the Government's motion should be granted.